UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK BANKS, ) | |
| ) | |
|     *Pro Se* Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0018 (EGS) |
| ) | ECF |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S
MOTION TO PROCEED *IN FORMA PAUPERIS* AND TO STAY PROCEEDINGS**

Defendant, Federal Bureau of Prisons (the "Agency" or "BOP"),[1] by and through undersigned counsel, respectfully moves, pursuant to Fed. R. Civ. P. 54(b), to vacate that portion of the Court's February 27, 2008 Order that granted Plaintiff *in forma pauperis* ("IFP") status. Defendant also moves to stay the proceedings, including the filing of a response to Plaintiff's Complaint, pending the resolution of this motion. Plaintiff has filed at least three prior suits, while incarcerated, that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to IFP status under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and unless his IFP status is restored or he pays the required filing fee this matter should not proceed further.

In support of this motion, Defendant respectfully refers the Court to the accompanying

---

[1] Plaintiff named the BOP and several individuals as defendants. In its Order dated February 8, 2008, however, the Court properly dismissed the individuals because, pursuant to the provisions of the Privacy Act, 5 U.S.C. § 552a, the BOP is the appropriate agency defendant. 5 U.S.C. § 552a(g)(1)(". . . the individual may bring a civil action against the *agency*. . .") (emphasis added).

1

Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m), which requires "counsel" to discuss non-dispositive motions with "opposing *counsel*" and non-prisoner *pro se* parties, does not apply and the undersigned have not made efforts to contact him regarding this motion.

                          Respectfully submitted,

                          /s/

        JEFFREY A. TAYLOR D.C. BAR # 498610
        United States Attorney
                          /s/

        RUDOLPH CONTRERAS, DC Bar #434122
        Assistant United States Attorney
                          /s/

        MERCEDEH MOMENI
        Assistant United States Attorney
        555 4th Street, N.W.
        Civil Division
        Washington, D.C.  20530

*Of Counsel*
Van Vandivier
Senior Litigation Counsel
Bureau of Prisons
3800 Camp Creek Parkway, SW
Atlanta, GA  30331

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK BANKS,            )<br>                             )<br>     *Pro Se* Plaintiff,    )<br>                             )<br>     v.                      )<br>                             )<br> FEDERAL BUREAU OF PRISONS,  )<br>                             )<br>     Defendant.              )<br>                             ) | Civil Action No. 08-0018 (EGS)<br>ECF |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION FOR
<u>RECONSIDERATION AND TO STAY PROCEEDINGS</u>**

**FACTUAL BACKGROUND**

Plaintiff, Frederick H. Banks, Reg. No. 05711-068, is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC Yazoo City). He previously filed at least two law suits in the Southern District of Mississippi, and initially was granted IFP status in two cases, one of which was brought against the BOP and another against an individual. However, the Court revoked Plaintiff's IFP status in both of those suits when it learned he had, on at least three prior occasions and while incarcerated, brought civil actions or appeals under 28 U.S.C. § 1915, that had been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Orders were then entered revoking Plaintiff's IFP status. Attached herewith, for ease of reference, are Exh. 1, Order in *Banks v. BOP*, Case No. 5:07-cv-161-DCB-MTP (S.D. Miss.); and Exh. 2 Order in *Banks v. Reese*, Case No. 5:07-cv-117-DCB-MTP (S.D. Miss.) (suit against the individual).

Contained in both orders is a list of four suits Plaintiff previously filed that were

1

dismissed for failure to state a claim or as frivolous, as follows: (1) *Banks v. Hayward*, No. 06-509 (W.D. Pa. May 30, 2006) (dismissed for failure to state a claim); (2) *Banks v. Hayward*, No. 06-1572 (W.D. Pa. Jan. 10, 2007) (dismissed as frivolous and/or failure to state a claim) (3) *Banks v. Dove*, No. 06-2289 (M.D. Pa. Jan. 16, 2007) (dismissed as frivolous); and (4) *Banks v. Pittsburgh Tribune Review*, No. 07-336 (W.D. Pa. May 4, 2007) (dismissed for failure to state a claim).

Plaintiff filed the instant Complaint, on or about January 4, 2008. *See* USDC Pacer, Doc. No. 1. On the same day, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. *See* USDC Pacer, Doc. No. 2. In his Complaint, Plaintiff alleges that he made a request for his education records, pursuant to the Privacy Act, to the BOP's Education Staff at FCC Yazoo City. Complaint ("Comp."), p. 6, §VI. He also alleges that he submitted a written request, via an Inmate Request to Staff Member Form, which was denied. Id. Further, he asserts he appealed the denial to the BOP's Central Office, where his appeal was construed as another request and denied. Id.[2] Banks indicates he is bringing 2000 counts of rights violations in this case, and alleges he was damaged in the amount of $80,000,000 by an adverse determination to withhold the records he requested. He seeks money damages of that amount and production of his records. Comp. pp. 7 - 8. By Order dated February 27, 2008, the Court granted Plaintiff *in forma pauperis* (IFP) status, under 28 U.S.C. § 1915(b). *See* USDC Pacer, Doc. No. 6.[3]

---

[2] Plaintiff did not follow proper procedure in filing his request for a number of reasons that are unnecessary to enumerate at this juncture. Nevertheless, his request was recently processed and responsive documents were released, without redactions. Exh. 3.

[3] Service was not perfected until after Plaintiff's Motion to Proceed in Forma Pauperis was granted. *See* USDC Pacer, Doc. No. 8 and 9.

However, the IFP status should be revoked for the reasons discussed below.

## **ARGUMENT**

Pursuant to the Prisoner Litigation Reform Act, ("PLRA"),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prison has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff here, does not allege any facts to establish that he is in "imminent danger of serious physical injury." Further, this Court has applied § 1915(g) in similar situations and granted motions to vacate an IFP order. *See e.g.*, *Johnson v. Dept. of Veteran's Affairs*, 2007 WL 2460593 (D.D.C. August 29, 2007) (holding plaintiff's IFP status should be vacated under 28 U.S.C. § 1915(g)). Here too, Plaintiff should have his case dismissed if he does not pay the full filing fee before proceeding as required by § 1915(g).[4]

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of IFP status through the enactment of the PLRA. *Chandler v. D.C. Dept. of Corrections*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). The PLRA provides that an inmate who qualifies for IFP status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments. *See* 28 U.S.C. § 1915(b); *Chandler*, 145 F.3d at 1357.

---

[4] Since Plaintiff is well known to the U.S. Courts in the Southern District of Mississippi and would be unable to readily file suits in *forma pauperis* in that jurisdiction, it appears that he is forum shopping. It is also interesting to note that, the Fifth Circuit Court of Appeals dismissed Plaintiff's appeal in the matter of *Banks v. Reese*, Civ. Action No. 5:07-117 (DCB-MTP), because he did not pay his appellate filing fees, where the District Judge had previously revoked Plaintiff's IFP status. *See* Exh. 4, Fifth Circuit Court of Appeals Dismissal Order.

However, absent imminent danger of serious physical harm,[5] an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes"). *See* 28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357. If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed. *Smith*, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA are considered "strikes" under § 1915(g). *Ibrahim*, 208 F. 3d at 1036. Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F. 3d 978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F. 3d 383, 388 (5thCir. 1996). However, properly filed habeas petitions normally are not considered strikes under the PLRA. *Blair-Bey v. Quick*, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

"Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which

---

[5] An inmate faces "imminent danger" when a "threat or prison condition is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-14 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998). A Court may survey the dismissed lawsuits filed by the inmate to identify at least three that were dismissed as frivolous, malicious, or for failure to state a claim. *Judd v. Furgeson*, 239 F. Supp. 2d 442, 443, n.1 (D.N.J. 2002) (frequent inmate litigator had filed over 200 suits in federal courts; court identified more than a dozen dismissed at the outset as frivolous). The functional equivalent of a dismissal for failure to state a claim or for frivolousness is counted as a strike. *Rivera*, 144 F.3 at 731 (dismissal upon screening under the *Heck* doctrine was equivalent to failure to state claim; dismissal for abuse of process counts as a strike even though the court did not use the words frivolous or malicious).

      In light of the forgoing legal mandates and a previous finding by another court that Plaintiff was in violation of the PLRA's "three strikes" provision as well as other cases that establish the criteria for another finding of a three strikes violation, Defendant respectfully requests that the proceedings be stayed pending resolution of Plaintiff's IFP status, including the filing of a response to Plaintiff's complaint, which is presently due on May 5, 2008.

## CONCLUSION

Because he is preempted from filing *in pauperis,* by 28 U.S.C. § 1915(g), Plaintiff should not be permitted to proceed with this suit until he pays the full filing fee. The BOP should be permitted to file its response to Plaintiff's instant Complaint 15 days after Plaintiff has paid the foregoing fees.

       Respectfully submitted,

          /s/

       JEFFREY A. TAYLOR D.C. BAR # 498610
       United States Attorney
          /s/

       RUDOLPH CONTRERAS, DC Bar #434122
       Assistant United States Attorney
         /s/

       MERCEDEH MOMENI
       Assistant United States Attorney
       555 4th Street, N.W.
       Civil Division
       Washington, D.C.  20530

*Of Counsel*
Van Vandivier
Senior Litigation Counsel
Bureau of Prisons
3800 Camp Creek Parkway, SW
Atlanta, GA  30331

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 5th day of May, 2008, the foregoing *Motion to Reconsider and to Stay*, and Memorandum of Points and Authorities in Support Thereof, with all attachments were served on Plaintiff, *pro se*, by first class mail, postage prepaid, addressed as follows:

>   **Frederick Banks**
>   #05711-068
>   FCC Yazoo City (Low)
>   P.O. Box 5000Yazoo City, MS 39194

>   _/s/_____
>   MERCEDEH MOMENI
>   Assistant United States Attorney
>   555 4th Street, N.W.
>   Civil Division
>   Washington, D.C.  20530

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREDERICK BANKS, )<br>)<br>*Pro Se* Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-0018 (EGS)<br>ECF |

## ORDER

This matter comes before the Court on the Defendants' Motion to Reconsider Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. After considering the appropriate pleadings, the record herein, and applicable law, it is this ____ day of _____, 2008, hereby

ORDERED, the Defendant's motion is hereby GRANTED; and it is

FURTHER ORDERED, that Plaintiff's *in forma pauperis* status is hereby revoked and Plaintiff is required to pay the full filing for this action.

It is also ORDERED that Defendant's response to Plaintiff's Complaint shall be due 15 days after Plaintiff has paid the full filing fee.

_____
EMMET G. SULLIVAN
United States District Judge

Case 5:07-cv-00161-DCB-MTP   Document 15   Filed 11/20/2007   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                                    PLAINTIFF

VERSUS                                     CIVIL ACTION NO. 5:07-cv-161-DCB-MTP

FEDERAL BUREAU OF PRISONS                                      DEFENDANT

### ORDER REVOKING IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE

Before this court is the plaintiff's civil rights complaint filed pursuant to Title 42, United States Code, Section 1983. Frederick Banks was previously granted in forma pauperis ("i.f.p.") status in this cause pursuant to 28 U.S.C. § 1915. It has come to the attention of the court that plaintiff has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, for the reasons stated below, plaintiff's i.f.p. status should be revoked pursuant to 28 U.S.C. § 1915(g).

### DISCUSSION

On April 26, 1996 the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") became law. The PLRA modifies the requirements for proceeding in forma pauperis in federal courts. Among other things, a prisoner's privilege to proceed i.f.p. is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The court must

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief



consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else. Id. at 386-87.

Frederick Banks has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Therefore, revocation of the plaintiff's i.f.p. privilege is appropriate. Id. at 387.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that plaintiff's in forma pauperis

---

may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] In Banks v. Hayward, et al., No. 06-509 (W.D. Pa. May 30, 2006), plaintiff's claim was dismissed for failure to state a claim.
In Banks v. Hayward, et al., No. 06-1572 (W.D. Pa. Jan. 10, 2007), plaintiff's claim was dismissed as frivolous and/or for failure to state a claim.
In Banks v. Dove, et al., No. 06-2289 (M.D. Pa. Jan. 16, 2007), plaintiff's claim was dismissed as frivolous.
In Banks v. Pittsburgh Tribune Review, et al., No. 07-356 (W.D. Pa. May 4, 2007), plaintiff's claim was dismissed for failure to state a claim.

status should be, and is hereby revoked pursuant to 28 U.S.C. § 1915(g).

    IT IS FURTHER ORDERED AND ADJUDGED, that plaintiff should be, and is hereby granted thirty (30) days from the date of this order, to pay to the Clerk of Court the requisite filing fee. Failure to pay the filing fee may result in an order of dismissal for want of prosecution under FED. R. CIV. P. 41(b).

    SO ORDERED AND ADJUDGED, this the __19th__ day of November, 2007

                                 __s/ David Bramlette__
                                 UNITED STATES DISTRICT JUDGE

Case 5:07-cv-00117-DCB-MTP   Document 19   Filed 11/20/2007   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068                              PLAINTIFF

VERSUS                            CIVIL ACTION NO. 5:07-cv-117-DCB-MTP

CONSTANCE REESE                                DEFENDANT

### ORDER REVOKING IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE

Before this court is the plaintiff's civil rights complaint filed pursuant to Title 42, United States Code, Section 1983. Frederick Banks was previously granted in forma pauperis ("i.f.p.") status in this cause pursuant to 28 U.S.C. § 1915. It has come to the attention of the court that plaintiff has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, for the reasons stated below, plaintiff's i.f.p. status should be revoked pursuant to 28 U.S.C. § 1915(g).

### DISCUSSION

On April 26, 1996 the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") became law. The PLRA modifies the requirements for proceeding in forma pauperis in federal courts. Among other things, a prisoner's privilege to proceed i.f.p. is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The court must

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief



GOVERNMENT EXHIBIT 2

consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else. Id. at 386-87.

Frederick Banks has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Therefore, revocation of the plaintiff's i.f.p. privilege is appropriate. Id. at 387.

IT IS THEREFORE ORDERED AND ADJUDGED, that plaintiff's in forma pauperis status should be, and is hereby revoked pursuant to 28 U.S.C. § 1915(g).

---

may be granted, unless the prisoner is under imminent danger of serious physical injury."

In Banks v. Hayward, et al., No. 06-509 (W.D. Pa. May 30, 2006), plaintiff's claim was dismissed for failure to state a claim.
In Banks v. Hayward, et al., No. 06-1572 (W.D. Pa. Jan. 10, 2007), plaintiff's claim was dismissed as frivolous and/or for failure to state a claim.
In Banks v. Dove, et al., No. 06-2289 (M.D. Pa. Jan. 16, 2007), plaintiff's claim was dismissed as frivolous.
In Banks v. Pittsburgh Tribune Review, et al., No. 07-336 (W.D. Pa. May 4, 2007), plaintiff's claim was dismissed for failure to state a claim.

Case 5:07-cv-00117-DCB-MTP   Document 19   Filed 11/20/2007   Page 3 of 3

IT IS FURTHER ORDERED AND ADJUDGED, that plaintiff should be, and is hereby granted thirty (30) days from the date of this order, to pay to the Clerk of Court the requisite filing fee. Failure to pay the filing fee may result in an order of dismissal for want of prosecution under FED. R. CIV. P. 41(b).

SO ORDERED AND ADJUDGED, this the __19th__ day of November, 2007.

s/ David Bramlette
UNITED STATES DISTRICT JUDGE

5:07-cv-117-DCB-MTP



U.S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*

---

*Building 2000*
*3800 Camp Creek Parkway, SW*
*Atlanta, Georgia 30331-6226*

April 28, 2008

Frederick Banks
Federal Register No. 05711-068
A10-031U
FCI Yazoo

RE: Freedom of Information/Privacy Act Request No. 2008-05931

Dear Mr. Banks:

This is in response to your request for copies of your Federal Bureau of Prisons (BOP) records. Specifically, you have requested your Education records. Staff have located 12 documents responsive to your request.

In accordance with the Freedom of Information Act, the Privacy Act, and Department of Justice regulations concerning the release of records, we have determined all pages are releasable to you in their entirety. We trust this has been responsive to your request.

Sincerely,

Lisa M. Sunderman
Regional Counsel

Enclosures

GOVERNMENT EXHIBIT 3

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 08-60042



United States Court of Appeals
Fifth Circuit
**F I L E D**
February 29, 2008

Charles R. Fulbruge III
Clerk

FREDERICK BANKS

Plaintiff - Appellant

v.

CONSTANCE REESE

Defendant - Appellee

Appeal from the United States District Court for the
Southern District of Mississippi, Jackson

CLERK'S OFFICE:

Under 5ᵀᴴ Cir. R. 42.3, the appeal is dismissed as of February 29, 2008, for want of prosecution. The appellant failed to timely the docketing fee.

CHARLES R. FULBRUGE III
Clerk of the United States Court
of Appeals for the Fifth Circuit

By: /s/ Angelique D. Batiste
Angelique D. Batiste, Deputy Clerk

ENTERED AT THE DIRECTION OF THE COURT

DIS-2

