UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDERICK BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0018 (EGS) |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to reconsider the Order granting plaintiff's motion for leave to proceed *in forma pauperis*. The Court will grant the motion.

DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). There is an exception for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

According to defendant, court records reflect that plaintiff has accumulated more than "three strikes" for purposes of the PLRA, and therefore he is not eligible to proceed *in forma pauperis*. *See* Memorandum of Points and Authorities in Support of Defendant's Motion for

Reconsideration and to Stay Proceedings ("Def.'s Mot.") at 3-5 & Ex. 1-2. Defendant moves to stay the proceedings until such time as plaintiff pays the filing fee in full. Def.'s Mot. at 5.

Plaintiff opposes defendant's motion and demands "strict proof that the suits he allegedly filed and received 'strikes' on are his." Reply in Opposition to Motion for Reconsideration of Order Granting Plaintiff's Motion to Proceed In Forma Pauperis and to Stay Proceedings at 1. He claims "not [to] recall many of those suits [and] does not conceed [sic] that strikes were [or] should have been assessed" on the ground that the cases 'were dismissed before the defendants were served." *Id.* In addition, he asserts that a case dismissed without prejudice "should not have received a strike." *Id.*

The Court takes judicial notice of the records of this Court and of other federal district courts. *See, e.g., Dupree v. Jefferson*, 666 F.2d 606, 608 n.1 (D.C. Cir. 1981) (taking judicial notice of record in related civil action "pursuant to [its] authority to judicially notice related proceedings in other courts") (citations omitted); *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (noting that the court make take judicial notice of matters of general public nature, including court records, without converting motion to dismiss into a motion for summary judgment). Plaintiff is denied *in forma pauperis* status under Section 1915(g) in both the United States Court of Appeals for the Eleventh Circuit and the United States District Court for the Southern District of Mississippi. *See* Def.'s Mot., Ex. 1-2, 4. Moreover, plaintiff now is barred from proceeding *in forma pauperis* in this Court. *See Banks v. Lawson*, Misc. No. 08-0277 (RCL) (D.D.C. May 2, 2008) (order dismissing action under Section 1915(g) without prejudice to refiling after payment of filing fee); *Banks v. Greer*, Misc. No. 08-0308 (RCL) (D.D.C. May 5, 2008), *appeal docketed sub nom. In re Frederick Banks*, No. 08-5151 (D.C. Cir. May 28, 2008)

(construed as petition for writ of mandamus); *Banks v. United States of Am.*, Misc. No. 08-0309 (RCL) (D.D.C. May 5, 2008), *appeal docketed sub nom. In re Frederick Banks*, No. 08-5154 (D.C. Cir. May 28, 2008) (construed as petition for writ of mandamus).

Review of the complaint shows that plaintiff brings this action against the Federal Bureau of Prisons under the Privacy Act, *see* 5 U.S.C. § 552a. *See* Compl. at 1, 6-8 & Ex. A-B. He alleges that defendant failed to produce records maintained by the Education Department pertaining to plaintiff. *See id.*, Ex. B. Nothing in the pleading suggests that plaintiff is in imminent danger of serious physical injury. Absent such an allegation, plaintiff does not overcome the bar imposed by Section 1915(g).

## CONCLUSION

The Court concludes that plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action. Accordingly, the Court grants defendant's motion for reconsideration, vacates the Order previously granting plaintiff *in forma pauperis* status, and stays proceedings for 30 days so that plaintiff has an opportunity to pay the filing fee in full. An Order consistent with this Memorandum Opinion will be issued separately.

Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      June 10, 2008